# The National Fire Insurance Company of Hartford, Connecticut, Inc. v. Cannon & Byers Millinery Company, Inc.

(Decided October 19, 1923.)

## Appeal from Jefferson Circuit Court (Common Pleas Branch, Fourth Division).

1. Insurance—Insurer Held Not Entitled to Object that Proof of Loss was Not Made, When Proof Rejected Without Giving Reasons.—Where insurer refused to accept proof of loss furnished by insured, but failed to give any reason or state any ground for rejecting it, it cannot avail itself of the objection that proof of loss was not made, or that the one furnished was not sufficient.

2. Evidence—Portion of Proof of Loss by Insured Containing Offer of Compromise Properly Excluded.—In an action on a fire policy, where plaintiffs introduced in evidence the proofs of loss, the court properly refused to permit defendant's counsel to call jury's attention to the fact that it contianed an offer to settle for a certain amount.

3. Insurance—Testimony as to Saturation with Oil Properly Excluded, when Issue was as to Amount of Loss.—In action on fire policy, where defendant did not claim that the fire was of in-

cendiary origin, and the only issue in the pleadings, except as to the making of proof of loss, was as to the amount of the loss. the court did not err in excluding testimony that paper boxes and other materials were on the floors and stairway of the building, and had been saturated with coaloil, where the court stated that it would be competent to show what damage was done by oil, but defendant offered no such proof.

4.  Trial—Necessity of Giving Time to Counsel to Prepare Instructions.—The trial court did not err in refusing to give counsel more than 45 minutes in which to prepare and tender instructions, especially where it is not contended that the instructions given were erroneous or incomplete.

WILLIAM FURLONG for appellant.

FRED FORCHT for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

In July, 1920, the Cannon & Byers Millinery Company owned a wholesale millinery store in Louisville, and carried insurance on its stock of goods in different companies amounting to $69,000.00. One policy of insurance of $5,000.00 was issued by the National Fire Insurance Company. On July 4, 1920, a fire occurred in the store, resulting in the destruction of part of the stock and such damage to the rest of it as rendered it almost valueless. The millinery company employed T. V. Ponder & Company to represent it in adjusting the loss. The insurance companies employed the Southern Adjustment Bureau, which is in charge of Hugh W. Young, to investigate the cause of the fire and ascertain the extent of the damage. Immediately thereafter Young, as the representative of the insurance companies, including this appellant, entered into an agreement with the millinery company by which it was agreed that the cause of the fire would be investigated and the extent of the loss ascertained without regard to the question of liability, and without waiving any rights that either the insured or the insurers might have under the policies. When this agreement was made Young did not have written authority to represent appellant, but acted on the request of its local agent. Within a day or two, however, the general agent of appellant, by a letter written to the adjustment company, ratified the action of the local agent in employing Young to represent the company to the extent indicated.

After investigations had been made by the parties proof of loss, including an offer of settlement at $3,623.19, was submitted to appellant through Young. Both were rejected, and thereupon this suit was instituted to recover of appellant $4,533.39, with interest from November 26, 1920, which appellee claimed was the loss covered by appellant's policy. The answer put in issue every material averment of the petition, including that as to the making of proof of loss. In a second paragraph it attempted to assert a defense based on a provision in the policy nullifying it if the hazard "be increased by any means in the control or knowledge of the insured." The trial court sustained a demurrer to that paragraph of the answer, of which no complaint is or in view of the deficiency of its averments could be made on this appeal. The pleadings therefore present the issues: Was proof of loss furnished to appellant? and, what was the loss chargeable to the policy issued by it?

As to the first question, it is conceded that the failure to furnish to the insurer proof of loss, as required by the policy, does not vitiate the policy, but precludes the insured from maintaining an action thereon until proofs have been furnished. The evidence shows that proof of the value of the stock of goods, which, if not destroyed, was as we have said so badly damaged as to render it almost valueless, was furnished to appellant through the adjustment bureau; that the total value as furnished amounted to $66,614.25, from which the insured deducted six per cent. for cash discount, leaving the cash value at $62,617.40; and that the damaged stock was turned over to a salvage company by the representative of the insurance companies to be sold and the proceeds applied on their liability. Appellant refused to accept the proof furnished by appellee, but failed to give any reason or to state any ground for rejecting it. In these circumstances it cannot avail itself of the objection that proof of loss was not made or that the one furnished was not sufficient. Niagara Fire Insurance Co. v. Layne, 162 Ky. 665.

The proof of loss, as we have remarked, contained an offer to compromise the claim for $50,000.00. It shows loss and damage amounting to $62,617.40, "Less for depreciation and compromise $12,617.40," resulting in the statement of "Agreed settlement $50,000.00." The latter sum was agreed on by the adjustment bureau and the

insured, although it appears that Mr. Young, acting for the adjustment bureau, had no authority to make a final agreement, but merely made a tentative agreement subject to the approval of the companies that he represented. This proof of loss was introduced in evidence for the purpose of sustaining the allegations of the petition in respect thereto, and appellant complains of the ruling of the trial court in refusing to permit its counsel to read all of the statement to the jury.

The contention is made that as the statement of loss was admitted in evidence, it was competent to be considered for all purposes, and the refusal of the trial court to permit its counsel to call the jury's attention to the fact that it contained an offer to settle at $50,000.00 was prejudicial error. We cannot accept this view of the law applicable to the admissibility of the statement. The court permitted appellant's counsel to refer to the statement and to read all of it except that part that related to the agreed settlement, but declined to permit him to refer to that part evidently on the theory that it was wholly impertinent to the issues made in the pleadings, since on its face it showed that it was a compromise offer that was never approved by appellant. We think the court was clearly right in holding that the offer was not admissible to show the value of the stock or the extent of damage and loss.

It is further argued by appellant that error was committed in excluding from the consideration of the jury the testimony of the assistant fire chief of the Louisville Fire Department, the substance of which was that when he reached the building he discovered that paper, boxes and other materials were on the floors and the stairways connecting the floors of the building, and that this material had been saturated with coal oil. In determining this question it will be remembered that appellant did not claim that the fire was of incendiary origin, and that the only issue in the pleadings, except that as to the making of the proof of loss, was as to the amount of the loss sustained. This testimony was considered by the court out of the hearing of the jury, the purpose being to determine its competency. The transcript shows that the court ruled that that part of the answer showing there was no fire on the second, third or fourth floors was competent, and also stated to counsel that it would be competent to show, at any time during the trial, what if any

damage was done by oil. Appellant did not offer any evidence on that subject at all, nor did it offer to prove that any of the goods embraced in the proof of loss had been saturated with oil. There being no evidence offered by appellant as to the extent of the loss, after the court had ruled that any evidence tending to reduce the loss claimed by appellee was competent, no error was committed in excluding the testimony in question.

The final contention is that the court erred in allowing counsel for appellant only forty-five minutes in which to prepare and tender any instructions that it desired given to the jury, and that such an allowance was not reasonable in view of the time consumed in the trial of the case and of the various issues therein, as well as the rulings of the court on the evidence. On this point it is sufficient to say that we have never held that it is an abuse of discretion for the trial court to refuse counsel all the time wanted to prepare and tender instructions, and no authority is cited showing that the failure to grant time for the preparation of instructions is error. Furthermore, there is nothing in the record to show that any right of appellant was affected by a submission of the case for argument immediately after the evidence was concluded. Indeed, it is not contended that the instructions are erroneous, or that they do not contain the whole law of the case. It results, therefore, that this ground of complaint must also be overruled.

Perceiving no errors in the record prejudicial to appellant's rights, the judgment is affirmed.